**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-30277**
**Summary Calendar**

**FEDERAL DEPOSIT INSURANCE CORP.,**

**Plaintiff-Appellee,**

**VERSUS**

**VERNA PRESTON GREEN, ET AL.,**

**Defendants,**

**WILLIAM B. RAGSDALE,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Western District of Louisiana
92 CV 1851

( August 25, 1995 )

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

<u>BACKGROUND</u>

The Federal Deposit Insurance Corporation (FDIC), as receiver

of the now-defunct Louisiana Bank & Trust Company, filed suit

---

[1] Local Rule 47.5 provides: "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession." Pursuant to that Rule, the Court has determined
that this opinion should not be published.

against Verna Preston Green, Eugene J. Green, Jr., William Ragsdale, Green & Ragsdale, Inc., and Flame Control, Inc., to collect on eight promissory notes.[2] Ultimately, the FDIC filed a motion for summary judgment against all makers of all notes. The district court granted the FDIC's motion for summary judgment, in which it determined that Ragsdale was liable for three of the loans.

In the order granting the motion for summary judgment, the district court ordered the FDIC to submit a proposed judgment and documentation to support its calculation of the interest due on each note. Because the parties could not agree on the content of the proposed judgment, the district court then ordered each party to submit a proposed judgment. Ragsdale and the FDIC each submitted proposed judgments. The district court entered judgment using the interest rates in Ragsdale's proposed judgment.

Ragsdale filed a Fed. R. Civ. P. 59(e) motion to vacate the judgment arguing, inter alia, that the amount of interest due on the loans was in dispute because the FDIC had failed to provide the district court with the requested documentation to support its interest calculations. The district court agreed that the FDIC had failed to comply with the court's order to provide documentation to support its interest calculations, but denied the Rule 59(e) motion because it had used the interest figures submitted by Ragsdale. Ragsdale filed a timely notice of appeal.

---

[2] Only Ragsdale is a party to this appeal.

OPINION

Ragsdale argues that the district court improperly granted summary judgment for the FDIC because there remain genuine issues of material fact regarding the rate and amount of interest due on the loans. He does not contest the district court's order to the extent it found him liable under three of the loans. Ragsdale argues that the information supplied by the FDIC regarding interests on the loans was inconsistent and unreliable and, therefore, can not support the interest rate in the judgment.

Ragsdale submitted a proposed judgment in which he applied an interest rate of 7.5% per annum on each of the loans. The district court used this interest rate to compute the interest due on the loans. Therefore, Ragsdale cannot argue on appeal that the district court used the incorrect interest rate. See **Sierra Club v. Yeutter**, 926 F.2d 429, 438 (5th Cir. 1991) (it is a "cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by [such] party" (internal quotations and citation omitted)); **Tel-Phonic Services, Inc. v. TBS Int'l, Inc.**, 975 F.2d 1134, 1137 (5th Cir. 1992) ("A party will not be heard to appeal the propriety of an order to which it agreed.").

Ragsdale argues that he should not be held to the figures which he included in his proposed judgment because he had resigned from the companies six months before the loans were executed and did not have personal knowledge of the loans or the interest rates. He contends that due to his lack of personal knowledge he was forced to use the prayer in the FDIC's amended complaint as the

3

basis of his proposed judgment. Even if Ragsdale's statement is correct, the appropriate time to have challenged the FDIC's interest calculations and to have obtained the necessary information to prepare a proposed judgment was before he submitted his proposed judgment. See **Brotherhood of Ry., Airline, and S.S. Clerks, Freight Handlers, Express & Station Employees v. St. Louis Southwestern Ry. Co.**, 676 F.2d 132, 140 (5th Cir. 1982) ("A defeated litigant cannot set aside a judgment because of his failure to interpose a defense that could have been presented at trial, or because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court.") (internal quotations and citation omitted). Because Ragsdale made no effort to obtain information to determine the appropriate interest rates and failed to provide the district court with any evidence to support a different calculation, he cannot argue that the district court erred by using the interest rates he suggested. The district court's judgment is

**AFFIRMED.**